CLD-114                                                    **NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**
_____

No. 26-1792
_____

IN RE: JAKE BYLSMA,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. No. 1:23-cv-00038)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 16, 2026
Before: BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: April 29, 2026)
_____

OPINION*
_____

PER CURIAM

    In January 2023, the petitioner, Jake Bylsma, commenced a civil rights action in

the District Court against several individuals involved in proceedings against him in the

Adams County Court of Common Pleas. After the District Judge granted one of the

defendants' motions to dismiss, she permitted Bylsma's attorney to withdraw. Bylsma

then moved to disqualify the District Judge for actual bias under 28 U.S.C. § 144 and for

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the appearance of impartiality under § 455.  The District Judge declined to recuse herself from the case.  Bylsma then filed a petition for a writ of mandamus in this Court asking us to compel her recusal.  We denied the petition.  *In re: Jake Bylsma*, C.A. No. 25-1307 (order entered Mar. 11, 2025).

The case then proceeded in the District Court, where the District Judge gave Bylsma an opportunity to file an amended complaint.  Rather than doing so, however, he filed another motion to disqualify her.  She again denied relief.

Bylsma has now filed a second mandamus petition in this Court asking us to compel the District Judge's recusal under §§ 144 and 455.  He alleges that the District Judge has not read the contents of his filings and has dismissed his motions "in an effort to conceal a real estate and bankruptcy fraud racket operated by her fellow Pennsylvania judicial elite."  Pet. 7, ECF No. 1-3.

We will deny the petition.  First, to the extent that Bylsma challenges the District Judge's refusal to disqualify herself for actual bias under § 144, we cannot review her ruling via mandamus.  *See In re Sch. Asbestos Litig.*, 977 F.2d 764, 776 (3d Cir. 1992) (citation omitted).  Second, to the extent that he sought recusal based on an appearance of partiality under § 455, nothing in the record leads us to question her impartiality.  *See In re Kensington Int'l Ltd*, 368 F.3d 289, 301 (3d Cir. 2004).  Bylsma's mere disagreement with the District Judge's rulings is not an adequate basis for recusal.  *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

2

Accordingly, we will deny the mandamus petition.[1]

---

[1] In light of our ruling, we deny Bylsma's request for a stay of the District Court proceedings pending resolution of this petition.